# Effect of 18 U.S.C. § 600 on
# Proposal for Hiring Census Enumerators

Proposal to give preference for hiring as census enumerators to persons recommended by Democratic Party leaders does not violate 18 U.S.C. § 600, which punishes those who promise federal employment or benefits as an enticement to or reward for future political activity, but does not prohibit rewards for past political activity.

Even if § 600 were read to prohibit a promise of employment or benefits as a reward for past political activity, under the proposed program neither Democratic Party leaders nor any potential census enumerators are being made such a promise.

February 28, 1980

## MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, CRIMINAL DIVISION

The White House Counsel's Office has forwarded for our approval two memoranda to be distributed respectively to Census Bureau officials responsible for hiring enumerators and to Democratic Party officials whose recommendations will be sought. These memoranda provide that Democratic Party leaders will be one of several sources that the Census Bureau will use in compiling lists of names from which to hire enumerators. The candidates nominated by party leaders will receive a preference; in this way the memoranda continue the program of selecting census enumerators in its traditional, historically established form. We believe that distributing these memoranda will not violate 18 U.S.C. § 600, and that no one will violate 18 U.S.C. § 600 by following the instructions given in these memoranda.

### I. Analysis

18 U.S.C. § 600 provides:

> Whoever, directly or indirectly, promises any employment, position, compensation, contract, appointment, or other benefit, provided for or made possible in whole or in part by any Act of Congress, or any special consideration in obtaining any such benefit, to any person as consideration, favor, or reward for any political activity or for the support of or opposition to any candidate or any political party in connection with any general or special election to any political office, or in connection

454

with any primary election or political convention or caucus held to select candidates for any political office, shall be fined not more than $10,000 or imprisoned not more than one year, or both.

It is our view that § 600, a criminal statute, does not flatly prohibit government decisionmakers from considering the political consequences of their actions in deciding how to administer federal programs. In our opinion, the only way § 600 might be violated in the program at hand is if people were promised employment or special consideration for employment as census enumerators as an enticement or reward for future political activity or support of a party or candidate; § 600 cannot be read to prohibit rewards for past political activity.[1] We believe this interpretation of the statute is correct for several reasons.

Section 600 punishes only a person who promises a benefit in return for political support or activity; it conspicuously does not make it illegal simply to grant a benefit. While it is possible to read § 600 to apply to a promise given as a reward for political activity done in the past, such a reading is illogical. There is no reason for Congress to have distinguished between promising a benefit in return for past political support or activity and actually conferring that benefit; indeed, the two acts may often be indistinguishable in practice. Since granting benefits in return for past support was a widespread, well-established practice, and since the language of § 600 clearly stops short of prohibiting that act, we think Congress could not have intended to prohibit the indistinguishable—both as a matter of policy and, often, as a matter of fact— act of giving a promise in return for past political activity. Instead, we believe it only logical to conclude that Congress was concerned with eliminating the use of federal funds as an enticement for future political support.

If § 600 is interpreted in this way, the program outlined in the proposed memoranda is clearly consistent with it. The people whom Democratic leaders nominate or refer are, of course, being given "special consideration in obtaining [a] benefit" provided for by an Act of Congress. But those people are not being promised such special consideration to induce political activity or support. By telling Democratic leaders not to link referrals to political activity, the Bureau is attempting to ensure as best it can that these leaders will not use their power to obtain special consideration as a way to reward party workers for their activity. Telling Census Bureau workers to give party leaders this instruction also makes it clear that the Bureau's policy is not itself an

---

[1] The legislative history of the companion statute, 18 U.S.C. § 601, prohibiting the deprivation of employment for political contribution, supports this limited interpretation of the statutes. For example, the Senate report on § 601 states that it is designed to "prohibit actual, attempted, or threatened deprivation of public employment or benefit as a means of *extorting* a political contribution of a thing of value . . ." S. Rep. No. 1245, 94th Cong., 2d Sess. 4 (1976) (emphasis added).

indirect way of promising employment or special consideration in return for political activity. Of course, if a party official does promise employment as a census enumerator, or special consideration in obtaining such employment, in return for future political activity or support by the promisee, that official will be subject to possible criminal liability. Such an official would not, however, be acting in accordance with the Administration's program.

Even if § 600 were read to prohibit promises made in return for past political activity, we believe that the program outlined in the proposed memoranda still would not violate that provision. The policy expressed in the memoranda, undoubtedly, does give Democratic Party leaders some privilege; but it does not give those leaders "any employment, position, compensation, contract, appointment, or other benefit, provided for or made possible in whole or in part by any Act of Congress, or any special consideration in obtaining any such benefit"—the benefits to which § 600 applies. Democratic Party leaders are being given only the opportunity to nominate preferred candidates for positions as enumerators. This opportunity is not among those benefits that, under § 600, cannot be distributed in return for support of a political party. That is, the party leaders are not themselves receiving a covered benefit. There is a clear distinction between receiving employment or special consideration for employment oneself, and receiving the power to award special consideration for employment to others. Because both sorts of privileges were historically involved in political patronage, we believe that Congress would have specified both if it had intended such a sweeping restriction. Instead, the statute lists benefits of a specific nature; because § 600 is a criminal statute, we believe that list must be literally construed and is exclusive.

Finally, we believe that, even if § 600 were read to prohibit a promise of employment or special consideration as a reward for past political support, the potential enumerators are not being made such a promise in violation of § 600. The proposed memoranda would instruct party leaders not to make their recommendations as a reward for political activity or support, but rather to recommend qualified individuals.

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*